EXHIBIT 1

| | |
|---|---|
| DISTRICT COURT FOR THE 20th JUDICIAL DISTRICT BOULDER COUNTY, STATE OF COLORADO<br><br>Court Address:   Boulder Justice Center<br>                 1777 6th Street<br>                 Boulder, Colorado 80302<br><br>Telephone Number:   (303) 441-3750 | DATE FILED: October 20, 2016 8:30 AM<br>FILING ID: BFC0F0CC9037D<br>CASE NUMBER: 2016CV31177 |
| Plaintiff: **DEBORAH BRUBAKER**<br><br>v.<br><br>Defendants: **CHRISTOPHER TERRY AND O M R LLC** | ▲ Court Use Only ▲ |
| Cornell Johnson, Atty. Reg. No.: 34449<br>The Law Office of Cornell Johnson, P.C.<br>1800 Glenarm Place, Suite 950<br>Denver, Colorado 80202<br>*Attorneys for Plaintiff*<br><br>Telephone Number: (303) 298-8598<br>Facsimile Number:  (303) 298-8356<br>Electronic Mail Address:  cjohnson@denverslawyer.com | Case Number:<br><br>Division |
| **COMPLAINT** | |

   **COMES NOW** Plaintiff Deborah Brubaker, by and through her undersigned counsel, The Law Office of Cornell Johnson, P.C., and as her Complaint against Defendants Christopher Terry and O M R LLC, state and allege as follows:

### GENERAL ALLEGATIONS

   1. At all times relevant hereto, Plaintiff Deborah Brubaker was a resident of Denver, Colorado.

   2. Upon information and belief, at all times relevant to this action Defendant Christopher Terry was a resident of Oneida, Tennessee.

   3. Upon information and belief, and at all times relevant to this action, Defendant

O M R LLC, was a Tennessee corporation with a principal address of 633 South Proctor Boulevard in Oneida, Tennessee 37841.

4.  Upon information and belief, Defendants Christopher Terry and O M R LLC are non-residents.

5.  When the defendants are non-residents, a Plaintiff may designate the venue pursuant to C.R.C.P. 98. Therefore, pursuant to C.R.C.P. 98, venue is proper in the District Court of Boulder County.

## FACTUAL ALLEGATIONS

6.  Plaintiff incorporates the allegations contained in Paragraphs 1 through 5 of this Complaint as if set forth *verbatim*.

7.  On or about November 8, 2013, at approximately 6:53 p.m., Plaintiff Deborah Brubaker was driving her 2001 Subaru Outback, license plate number 055THH, vehicle identification number 4S3BH896117649256, eastbound on East Alameda Avenue in the number 3 lane just after the South Colorado Boulevard intersection in Denver, Colorado.

8.  On or about November 8, 2013, at approximately 6:53 p.m., Defendant Christopher Terry was driving a 2000 Freightliner truck, license plate number F837HX, vehicle identification number 1FUPUSZB51PG04182, eastbound on East Alameda Avenue in the number two lane after the South Colorado Boulevard intersection in Denver, Colorado.

9.  On or about the aforementioned date and time, Defendant Christopher Terry attempted to make a right turn into a parking lot located at 4200 East Alameda Avenue.

10. When Defendant Christopher Terry attempted to make a right turn from the number 2 lane into a parking lot located at 4200 East Alameda Avenue on or about the aforementioned date and time, hefailed to keep a proper lookout.

11. When Defendant Christopher Terry attempted to make a right turn from the number 2 lane into a parking lot located at 4200 East Alameda Avenue, the Freightliner truck he was operating crashed into Plaintiff Deborah Brubaker's Subaru Outback.

12. Defendant Christopher Terry's negligent actions were the actual and proximate cause of the Freightliner truck crashing into Plaintiff Deborah Brubaker's Subaru Outback on or about the aforementioned date.

13. Plaintiff Deborah Brubaker was not comparatively negligent in causing the Freightliner truck driven by Christopher Terry to crash into her Subaru Outback on or about the aforementioned date.

14. As an actual and proximate cause of Defendant Christopher Terry crashing the Freightliner truck into the Subaru Outback, Plaintiff Deborah Brubaker suffered bodily injuries.

15. As an actual and proximate cause of Defendant Christopher Terry crashing the Freightliner truck into the Subaru Outback, Plaintiff Deborah Brubaker incurred and continues to incur economic damages, including, but not limited to, medical and rehabilitation expenses.

16. As an actual and proximate cause of Defendant Christopher Terry crashing the Freightliner truck into the Subaru Outback, Plaintiff Deborah Brubaker suffered and continues to suffer non-economic damages, including, but not limited to, pain and suffering, inconvenience, emotional distress, loss of enjoyment of life, and impairment of quality of life.

17. As an actual and proximate cause of Defendant Christopher Terry crashing the Freightliner truck into the Subaru Outback, Plaintiff Deborah Brubaker suffered permanent impairment.

18. On or about the aforementioned date and time, the 2000 Freightliner truck, license plate number F837HX, vehicle identification number 1FUPUSZB51PG04182, driven by Defendant Christopher Terry was owned by O M R LLC.

## FIRST CLAIM FOR RELIEF
**Negligence - Defendant Christopher Terry**

19. Plaintiff incorporates the allegations contained in Paragraphs 1 through 18 of this Complaint as if set forth *verbatim*.

20. On or about November 8, 2013, at approximately 6:53 p.m., Defendant Christopher Terry owed Plaintiff Deborah Brubaker a duty to exercise reasonable care in the operation of the 2000 Freightliner truck along East Alameda Avenue in Denver, Colorado.

21. On or about the aforementioned date, Defendant Christopher Terry breached his duty of care by operating the Freightliner truck in a negligent manner without regard to all attendant circumstances.

22. As an actual and proximate cause of Defendant Christopher Terry breaching his duty of care, Plaintiff Deborah Brubaker suffered bodily injuries.

23. As an actual and proximate cause of Defendant Christopher Terry breaching his duty of care, Plaintiff Deborah Brubaker incurred and continues to incur economic damages, including, but not limited to, medical and rehabilitation expenses.

24. As an actual and proximate cause of Defendant Christopher Terry breaching his duty of care, Plaintiff Deborah Brubaker suffered and continues to suffer non-economic damages, including, but not limited to, pain and suffering, inconvenience, emotional distress, loss of enjoyment of life, and impairment of quality of life.

25. As an actual and proximate cause of Defendant Christopher Terry breaching his duty of care, Plaintiff Deborah Brubaker suffered permanent impairment.

## SECOND CLAIM FOR RELIEF
### Negligence *Per Se* – Defendant Christopher Terry

26.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 25 of this Complaint as if set forth *verbatim*.

27.     As a result of Defendant Christopher Terry's Freightliner truck crashing into Plaintiff Deborah Brubaker's Subaru Outback on November 8, 2013, Defendant Christopher Terry is negligent *per se* under Colorado statutes C.R.S. § 42-4-1401, Reckless Driving, C.R.S. § 42-4-1402, Careless Driving and Denver Revised Municipal Code 54-200, Turning from Wrong Position.

28.     Plaintiff Deborah Brubaker is a member of the class for whose protection the above-mentioned Colorado statutes and Municipal Code were enacted.

29.     The collision hereinabove described and the injuries and damages Plaintiff Deborah Brubaker suffered as a result of the collision are the kind of injuries and damages sought to be prevented by the above-mentioned Colorado statutes and Municipal Code.

30.     As an actual and proximate cause of Defendant Christopher Terry engaging in or violating the conduct set forth in the above-mentioned Colorado statutes and Municipal Code, Plaintiff Deborah Brubaker suffered bodily injuries.

31.     As an actual and proximate cause of Defendant Christopher Terry engaging in or violating the conduct set forth in the above-mentioned Colorado statutes and Municipal Code, Plaintiff Deborah Brubaker incurred and continues to incur economic damages, including, but not limited to, medical and rehabilitation expenses.

32.     As an actual and proximate cause of Defendant Christopher Terry engaging in or violating the conduct set forth in the above-mentioned Colorado statutes and Municipal Code, Plaintiff Deborah Brubaker suffered and continues to suffer non-economic damages, including, but not limited to, pain and suffering, inconvenience, emotional distress and impairment of quality of life.

33.     As an actual and proximate cause of Defendant Christopher Terry engaging in or violating the conduct set forth in the above-mentioned Colorado statutes and Municipal Code, Plaintiff Deborah Brubaker suffered permanent impairment.

## THIRD CLAIM FOR RELIEF
### Vicarious Liability - Defendant O M R LLC

34.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 33 of this Complaint as if set forth *verbatim*.

35.     At the time, date and place of the aforementioned motor vehicle collision, Defendant Christopher Terry was an agent and/or employee of Defendant O M R LLC.

36. At the time, date, and place of the aforementioned incident, Defendant Christopher Terry was acting within the course and scope of his employment and/or agency of Defendant O M R LLC.

37. At the time, date, and place of the aforementioned incident, Defendant Christopher Terry was acting with the authority of Defendant O M R LLC.

38. The acts or omissions of Defendant O M R LLC's agent and/or employee by law are deemed the acts or omissions of Defendant O M R LLC, pursuant to the doctrine of *Respondeat Superior.*

## SIXTH CLAIM FOR RELIEF
### Negligent Entrustment - Defendant O M R LLC

39. Plaintiff incorporates the allegations contained in Paragraphs 1 through 38 of this Complaint as if set forth *verbatim.*

40. On or about the aforementioned date and time, the Freightliner truck operated by Defendant Christopher Terry was under the control of Defendant O M R LLC.

41. On or about the aforementioned date and time, Defendant O M R LLC, had a duty to ensure the 2000 Freightliner truck, license plate number F837HX, vehicle identification number 1FUPUSZB51PG04182, driven by Defendant Christopher Terry was operated in a manner that did not create an unreasonable risk of harm to others.

42. On or about the aforementioned date and time, Defendant O M R LLC, permitted Defendant Christopher Terry to operate its Freightliner truck when it knew or should have known Defendant Christopher Terry was likely to use the Freightliner Truck in such a manner as to create an unreasonable risk of harm to others.

43. As a direct and proximate result of Defendant O M R LLC's negligent entrustment of its Freightliner truck to Defendant Christopher Terry, Plaintiff Deborah Brubaker suffered bodily injuries.

44. As a direct and proximate result of Defendant O M R LLC's negligent entrustment of its Freightliner truck to Defendant Christopher Terry, Plaintiff Deborah Brubaker incurred and continues to incur economic damages, including, but not limited to, medical and rehabilitation expenses.

45. As a direct and proximate result of Defendant O M R LLC's negligent entrustment of its Freightliner truck to Defendant Christopher Terry, Plaintiff Deborah Brubaker suffered non-economic damages, including, but not limited to, pain and suffering, inconvenience, emotional distress and impairment of quality of life.

46. As a direct and proximate result of Defendant O M R LLC's negligent

entrustment of its Freightliner truck to Defendant Christopher Terry, Plaintiff Deborah Brubaker suffered permanent impairment.

## SEVENTH CLAIM FOR RELIEF
### Negligent Hiring, Training and Supervision – O M R LLC

47. Plaintiff incorporates the allegations contained in Paragraphs 1 through 46 of this Complaint as if set forth *verbatim*.

48. Defendant O M R LLC, owed Plaintiff Deborah Brubaker a duty to exercise reasonable care in the hiring, supervision and training of its agents and/or employees, specifically Defendant Christopher Terry.

49. Defendant O M R LLC, breached its afore-mentioned duty by failing to exercise reasonable care in the hiring, supervision and/or training of its agents and/or employees, specifically Defendant Christopher Terry.

50. As an actual and proximate result of the above-mentioned breach of duty owed by Defendant O M R LLC, Plaintiff Deborah Brubaker suffered bodily injuries.

51. As an actual and proximate result of the above-mentioned breach of duty owed by Defendant O M R LLC, Plaintiff Deborah Brubaker incurred and continues to incur economic damages, including, but not limited to, medical and rehabilitation expenses.

52. As an actual and proximate result of the above-mentioned breach of duty owed by Defendant O M R LLC, Plaintiff Deborah Brubaker suffered and continues to suffer non-economic damages, including, but not limited to, pain and suffering, inconvenience, emotional distress and impairment of quality of life.

53. As an actual and proximate result of the above-mentioned breach of duty owed by Defendant O M R LLC, Plaintiff Deborah Brubaker suffered permanent impairment.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in an amount to be determined at trial, pre and post-judgment interest, costs and expert witness fees, and for such other and further relief as the Court may deem proper.

Respectfully submitted this 20th day of October 2016.

The Law Office of Cornell Johnson, P.C.

*s/*   Cornell Johnson
*Attorneys for Plaintiff Deborah Brubaker*

**EXHIBIT 1**

<u>Plaintiff's address:</u>

9201 East Mississippi Avenue
Denver, Colorado 80247